# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KOURTNEY PORTER,                                          Civil Action No. _____

    Plaintiff,                                           Hon. _____

v

FCA US LLC a/k/a FIAT CHRYSLER
and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.

    Defendants.
_____/

CUMMINGS, MCCLOREY, DAVIS & ACHO, P.L.C.
BY:  ROBERT L. BLAMER (P32425)
**Attorneys for Plaintiff**
17436 College Parkway
Livonia, MI 48152-2363
Ph: 734-261-2400 / Fax: 734-261-4510
rblamer@cmda-law.com
_____/

## COMPLAINT

NOW COMES the Plaintiff, KOURTNEY PORTER, by and through her attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., by ROBERT L. BLAMER, and complains against the above-named Defendants, their agents, servants and/or employees, either real or ostensible, and respectfully represents unto this Court as follows:

01068982-1

## PARTIES AND JURISDICTION

1. That Plaintiff, KOURTNEY PORTER (also "the Plaintiff"), is a resident of the County of Oakland, State of Michigan, and at all pertinent times worked at Fiat Chrysler.

2. That Defendant FCA US LLC, a/k/a FIAT CHRYSLER, is a corporation conducting business in the State of Michigan (also "the Defendant").

3. That the Defendant maintains employee benefit plans including a short- and long-term disability plan which constitutes an employee welfare plan within the meaning of the Employee Retirement Income Security Act of 1974 (29 U.S.C. Section 1001, *et seq.*) (also "ERISA"). That plan is administered through Defendant Sedgwick Claims Management Services, Inc., hereinafter referred to as "Sedgwick," which is a foreign corporation.

4. The Defendant FCA US LLC a/k/a Fiat Chrysler and Sedgwick shall be collectively referred to as "Defendants."

5. That the Plaintiff is an employee of the Defendant who is entitled to benefit from the short-term and long-term disability plan.

6. That the amount in controversy exceeds $75,000.

## VENUE

7. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 6 as though fully recited herein and incorporates same by

reference.

8. That venue is proper within this Court in that the Plaintiff lives and works within the venue, and the Defendants conduct business within its territorial confines and made the decisions that affected the Plaintiff's rights to receive benefits under the disability plan within said venue.

## GENERAL ALLEGATIONS

9. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 8 as though fully recited herein and incorporates same by reference.

10. That Plaintiff Kourtney Porter was an employee of the Defendant FCA US LLC, which at all pertinent times maintained a long-term and short-term disability policy which covers its employees, including, but not limited to, the Plaintiff Kourtney Porter – said plan being administered through Defendant Sedgwick.

11. That the FCA US LLC Long-Term Disability Plan is a component of the FCA US LLC Group Insurance Program maintained by the Defendant FCA US LLC, Plan Number 564.

12. The Defendant FCA US LLC is self-insured, and conducted certain investigations, gathered medical records and made decisions and/or recommendations as to the Plaintiff's entitlement to benefits under both the long-term and short-term disability plans.

13. That at all times relevant hereto, the long-term and short-term disability plan offered by Defendant FCA US LLC to its employees, including the Plaintiff, administered by Sedgwick, constituted a contract between the parties under which the Plaintiff Kourtney Porter, assigned as Claim No. B740004132-0001-02.

14. That the purpose of the long-term and short-term disability plans under Defendant FCA US LLC's fringe benefit package was to provide disability benefits to the Plaintiff in the event that she became disabled.

15. That the FCA US LLC Long-Term Disability Plan ("the Plan"), administered by Defendant Sedgwick, applies to employees such as the Plaintiff who are disabled.

16. That to be eligible for benefits under the Plan, employees must:

   a. Complete at least thirty days of employment with the Defendant;

   b. Be covered by the Plan when the employee's disability began;

   c. Be under the continuous care of a legally-qualified physician who certifies the employee's total disability;

   d. Be "totally disabled" by the employee's injuries as determined by the Claims Administrator such that the employee is unable to engage in regular employment with the Defendant during the first 24 months, and be unable to engage in any occupation with an earning capacity of 80% or more of the employee's regular base salary after 24 months.

   e. Apply for benefits through the Plan and furnish "satisfactory" "proof of disability" including application of "evidence-based medical guidelines" with a duration that meets accepted disability duration guidelines.

    f. Provide "satisfactory evidence" the employee made proper application for "other income benefits" to which the employee is entitled, and against which the benefits available under the Plan would be set off.

17. That the Plaintiff's disabling injuries are objective in nature, with an MRI report of her right knee finding "a complete tear of the anterior cruciate ligament, bowing of the proximal portion of the medial collateral ligament, medial and lateral meniscal tears."

18. The Plaintiff's right knee injury fits the definition of total disability, where it was described as:

    a. Sprain of anterior cruciate ligament of right knee;

    b. Sprain of medial collateral ligament of right knee;

    c. Other tear of medial collateral meniscus, current injury, right knee;

    d. Other tear of medial meniscus, current injury, right knee.

19. The Plaintiff's knee injury was addressed by surgery, described as "a right knee arthroscopy, anterior cruciate ligament reconstruction, patellar tendon allograft partial medial and lateral meniscectomy."

20. That Plaintiff has emotional and/or mental conditions, including, but not limited to, moderate-to-severe depression, which in and of itself is a disability.

21. That these conditions are chronic in nature and prevent the Plaintiff from performing the regular duties of her regular occupation and, in fact, prevent her from performing any gainful employment for which she is qualified, thereby meeting

the definition of *disability* under both the long-term and short-term disability plans provided by Defendant, FCA US LLC, administered by Sedgwick.

## COUNT I - BREACH OF CONTRACT / LONG-TERM DISABILITY

22. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 as though fully recited herein and incorporates same by reference.

23. That the Plaintiff, Kourtney Porter, has submitted a claim and the necessary and supporting medical records and opinions to support a disability under the long-term plan.

24. That Defendants' long-term disability plan provides for payments to Plaintiff if the Plaintiff becomes unable to work as defined.

25. That Plaintiff has met her burden to establish disability under the Plan and has submitted the necessary proof to establish she is disabled and, therefore, entitled to disability benefits.

26. That Defendants have breached the contract for long-term disability by issuing a denial of benefits.

27. That the Defendants are indebted to the Plaintiff for benefits.

28. That Defendants have failed or refused to honor its obligations under the Long-Term Disability Plan.

29. That the Plaintiff is entitled to certain benefits including retroactive

benefits as of the date the Plaintiff became eligible for her long-term disability benefits, and that Plaintiff is entitled to continuing long-term disability benefits until such benefits end as defined in the Plan.

30. That Plaintiff, Kourtney Porter, is entitled to such benefits from the plan pursuant to 29 U.S.C. 1132, *et seq.*, and specifically 29 U.S.C. 1132(a)(1)(b).

31. That the Plaintiff is entitled to the benefits identified herein because:

   a. The benefits are permitted under the Plan;

   b. The Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   c. The Plaintiff has not waived or otherwise relinquished his entitlement to benefits;

   d. The Plaintiff meets and exceeds the definition of disability under both the short-term and long-term disability plans.

   e. That the Defendant denied the Plaintiff's claims for benefits and refused to pay the benefits sought by Plaintiff despite the medical records, clear opinions by the treating physicians, and overwhelming medical evidence establishing that Plaintiff meets the definition of *disability*.

32. That the Defendants' denial of the Plaintiff's disability benefits is in bad faith and/or based on improper investigation.

33. As a result of the acts and/or omissions of Defendants, said Defendants have breached the contract for long-term disability and the Plan owes the Plaintiff unpaid benefits plus interest and attorney fees and/or the Plaintiff is entitled to appropriate equitable relief as a result of the acts and omissions of the Defendants.

**WHEREFORE**, the Plaintiff, KOURTNEY PORTER, prays for judgment in whatever amount above $75,000 that the Plaintiff is found to be entitled to by the trier of fact, in addition to all other statutory damages, including exemplary damages, interest, costs, and attorney fees.

Respectfully submitted,

s/Robert L. Blamer
Cummings, McClorey, Davis & Acho, P.L.C.
**Attorneys for Plaintiff**
17436 College Parkway
Livonia, MI  48152
Phone:  (734) 261-2400
E-mail:  rblamer@cmda-law.com
P32425

Dated:  February 10, 2020